UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SHAKITA EASON, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Case No. CV614-073 |
| | ) | CR613-007 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Shakita Eason pled guilty to, *inter alia*, identity theft and wire fraud. Docs. 39 & 40.[1] In doing so, she both waived her direct appeal and collateral review rights,[2] doc. 39 at 7, and affirmed in writing that

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] The plea agreement states that,

"[t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, *including* a § 2255 proceeding, on *any* ground, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 39 at 7 (emphasis added). Eason pleads none of the exceptions here.

she did not want to appeal. Doc. 41 at 4. Now she moves for 28 U.S.C. § 2255 relief. Doc. 43. Upon preliminary review under Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, her motion should be denied.

## I. ANALYSIS

Eason contends that she received ineffective assistance of counsel ("IAC") because her attorney failed to explain fully the nature of the proceedings against her, develop her defenses, and follow through on a U.S.S.G. § 5.K1 substantial assistance motion. Counsel also failed to advise her of a 21 U.S.C. § 851(a) sentence enhancement notice or tell her that she could challenge a prior conviction at sentencing. *Id.* at 4. She essentially rehashes those claims in Ground Two of her motion, and in Ground Three she accuses the government of failing to disclose exculpative and sentence-reducing evidence. *Id.* at 7. Finally, in Ground Four she accuses her attorney of ineffective assistance for failing to file the direct appeal that she expressly requested. *Id.* at 8.

Eason, who doesn't even acknowledge her double-waiver and no-appeal directive in her § 2255 filings, independently waived all of her pre-plea claims merely by pleading guilty. *Tollett v. Henderson*, 411 U.S.

258, 267 (1973); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). In addition, except for one exception noted below, she waived all post-plea claims by entering into her plea agreement's double waiver. *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009); *United States v. Orozc-Picazo*, 391 F. App'x 761, 771 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines).

Her double waiver thus precludes all IAC claims except that which goes to the validity of her guilty-plea agreement. *See Patel v. United States*, 252 Fed. App'x 970, 974-75 (11th Cir. 2007) (IAC claim figuring into validity of defendant's guilty plea is not barred by double waiver) (citing *Williams v. United States*, 396 F.3d 1340, 1342 n. 2 (11th Cir. 2005) ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."); *United States v. Smith*, ___ F.3d ___, 2014 WL

3

3519076 at * 6 (7th Cir. July 17, 2014) ("Smith knowingly and voluntarily waived his appellate rights, including his right on appeal to contend that his counsel below was ineffective as to any matter *other than* the waiver and his negotiation of it.") (emphasis added); *Johnson v. United States*, 2013 WL 6799204 at * 4 (M.D. Fla. Dec. 23, 2013); *Fulmer v. United States*, 2014 WL 1698880 at * 2 (S.D. Ga. Apr. 29, 2014); *McClendon v. United States*, ___ F. Supp. 2d ___, 2014 WL 358980 at * 3 (S.D. Ga. Mar. 10, 2014). That IAC claim[3] must go *directly* to the validity of the guilty plea and waivers (e.g., that counsel misled or coerced his client into pleading guilty/waiving her rights, or in some way materially bungled the plea offer to the extent that a client would not knowingly and intelligently accept it). And if the record reveals that the movant did *not* receive ineffective assistance of counsel at that phase, then there is no need for a hearing, and the Court can rule on that claim on the merits. *Patel*, 252 F. App'x at 975; *Johnson*, 2013 WL 6799204 at * 5-8.

---

[3] "'In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.' *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006)." *Smith v. United States*, 2013 WL 6632637 at *1 (N.D. Ill. Dec. 16, 2013).

4

Here there is no guilty-plea hearing transcript in the record, and no government response brief (again, this case is under initial Rule 4(b) review). Often cases like this necessitate the generation of both the transcript and a government response to determine whether the movant effectively waived her rights to direct and collateral review.[4] Yet, ordering that up here -- where Eason does not even *acknowledge* her double waiver, much less plead specific facts showing that her waiver was involuntary -- defeats the very bargain the government secured: It gave her certain benefits in exchange for sparing the taxpayers that expense

---

[4] As the Eleventh Circuit explained, while analyzing an appeal-waiver case:

> For such a waiver to be effective, it must be made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard–Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam). We have held an appeal waiver valid where the waiver provision was referenced during the plea colloquy and the defendant agreed that she understood the provision and entered into it freely and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

*United States v. Peerani*, 2014 WL 3953414 at *1 (11th Cir. Aug. 14, 2014); *see also United States v. Bentley*, 2014 WL 3034297 at * 3 (11th Cir. July 3, 2014) ("A sentence appeal waiver must be made knowingly and voluntarily. The waiver is valid if *the government* shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record otherwise makes clear that the defendant understood the full significance of the waiver.") (cite omitted; emphasis added).

(attorney time to respond to her § 2255 motion, transcription expenses, etc.). So to do so here, upon the bare stub of an IAC allegation that cost nothing to make (there is not even a filing fee charged for § 2255 motions) would simply neutralize much of the prosecution's bargain.

That is why the Eleventh Circuit's heightened pleading burden must be honored here. *Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing."); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014).[5] The record reflects that Eason waived her

---

[5] Hence, conclusory and "laundry-listed" claims go nowhere:

> "Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare

6

right to file this § 2255 motion. Absent any claim that her waiver was not made knowingly and voluntarily, the Court will not be put to the burden and expense of preparing a transcript of the guilty-plea hearing.

Movants like Eason must plead something more than "my attorney was ineffective," or "I would not have pled guilty had he done a better job." That, after all, is what every "buyers-remorse," guilty-plea movant can claim in order to slip out of their plea bargain, if not also win a day-out-of-jail card for a wasteful evidentiary hearing. Hence, § 2255 movants like Eason must plead that counsel actively misled them, failed to communicate a plea offer, coerced them, etc. *See Hopkins v. United States*, 2014 WL 2624425 at * 1 (S.D. Ga. June 12, 2014) (rejecting similar claim at pleading stage because "none of her IAC claims challenge the voluntariness of her plea -- an indispensable minimum needed to defeat a double waiver (of both the right to a direct appeal and the right to collaterally attack the conviction)."); *McClendon*, 2014 WL

---

conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014).

358980 at * 2 (S.D. Ga. Mar. 10, 2014); *compare Patel*, 252 F. App'x at 975 (movant's allegation that his plea was involuntary because his attorney and family members coerced him into pleading guilty could be entertained in a § 2255 motion, despite a collateral attack waiver).

Eason has failed the heightened pleading burden here. Doc. 43 at 25-30 (reciting general IAC standards but supplying no specific factual pleading, for example, that counsel misled or coerced her into waiving her rights, bungled a better plea offer, etc.).[6] As in *Fulmer, McClendon* and *Hopkins*, which applied substantively identical double waivers, her § 2255 motion is thus dead on arrival.

---

[6] The closest she comes to reaching that mark is this: "Movant was represented by Attorney Richard Daniels, who without compliance of rules of the adversarial process, failed to fully explain the nature of the procedures or the proceedings, or the elements of the crime to the Movant. If her counsel ha[d] explained the elements, and the matters the government would have been required to prove, she would not have entered a guilty plea and would have insisted on going to trial." Doc. 43 at 4.

Of course, *every* § 2255 movant can make that claim, which would bog the courts down in endless evidentiary hearings aimed at uncovering precisely *what* was not "understood" or sufficiently "explained." As the Eleventh Circuit said in *Borden*, "[w]hatever the claim . . . the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition," 646 F.3d at 810, which means Eason should be aware of and be able to plead precisely *what* was not fully explained to her, and *how* it undermined the voluntariness of her plea. To say that her pleading here suffices is to enable every convicted defendant to win a new trial because "my trial was unfair," or "made me unhappy." Were that the standard, there would be no finality in criminal cases.

Independent grounds support denial of Ground Four of Eason's § 2255 motion, where she faults her lawyer for failing to file the direct appeal that she claims, under penalty of perjury, to have expressly requested. Doc. 39 at 8. In fact, she expressly instructed him *not* to file a direct appeal. Doc. 41 at 4 ("Notice of Post-Conviction Consultation Certification," a form bearing Eason's signature, memorializing her informed decision not to take an appeal). Eason, by the way, is reminded that § 2255 movants who lie to this Court may be prosecuted.[7]

Finally, independent grounds also support denial of Eason's Ground Two claim -- that her sentence was improperly enhanced. Doc. 43 at 5. That claim is barred by procedural default because she took no appeal -- for which she fails to sufficiently plead ineffective assistance in a way that satisfies the cause and prejudice exception to that default, much less the factual innocence exception. *Stevens v. United States*, 466

---

[7] Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

9

F. App'x 789, 792 (11th Cir. 2012). Nor is this claim even cognizable under § 2255 absent her pleading (she does not) that it constitutes a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998); *United States v. Harlan*, 2014 WL 177536 at *3 (S.D. Ala. Jan. 16, 2014).

## II. CONCLUSION

Shakita Eason's § 2255 motion should be **DENIED** upon preliminary review under Rule 4(b), Rules Governing Section 2255 Proceedings. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 3rd day of September, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA